**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MICAH ANDERSON,<br><br>              Plaintiff,<br><br>vs.<br><br>CAESARS PALACE, *et al*.,<br><br>              Defendants. | Case No. 2:19-cv-00742–JAD–VCF<br><br>**REPORT & RECOMMENDATION**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS [ECF NO. 1] and COMPLAINT [ECF NO. 1-1] |

Before the Court is Plaintiff Micah Anderson's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, this case should be dismissed and Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) should be denied as moot.

The allegations in Plaintiff's proposed complaint consist of one paragraph:

> I, Micah Anderson am bringing [a] complaint up against Nev[a]da (Las Vegas) Casinos for deliberate indifference, mental & emotional distress, contracts of insurance, prisoner petitions, civil rights, Racketeer Influenced and Corrupt Organizations, other frauds, personal injury product liability, a[s]bestos personal injury product liability, contract product liability, stockholders suits, marine product liability, health care/pharmaceutical personal injury liability, general, alien detainee, insurance, marine, mar[sic]-personal injury malpractice injuries.

(ECF No. 1-1 at 1). The complaint then lists 34 Defendants, all individuals or entities associated with major hotels and casinos in Las Vegas. (*Id.* at 3-5).

The complaint contains no short and plain statements of fact showing that Plaintiff is entitled to relief in this matter. *See* Fed. R. Civ. P. 8(1); 28 U.S.C. § 1915(e)(2)(B). Many of the potential claims in the complaint, such as prisoner petitions or marine product liability, appear to have no logical connection to any of the 34 Defendants or Plaintiff. Plaintiff's civil cover sheet is also impossible to follow, stating

1

that the U.S. Government is the plaintiff in this case, the nature of the suit is marine product liability, and this is a class action.  (ECF No. 1-2).  In addition, the Court is concerned that Plaintiff's *in forma pauperis* application states that he has received income from "civil suites" (ECF No. 1 at 1), which the Court interprets to mean filing civil suits.  The Court has located four cases that appear to be filed by Plaintiff in the past two years.  One appears to have settled (*Anderson v. Dart*, Docket No. 1:17-cv-03201 (N.D. Ill. Apr. 27, 2017)), while three were dismissed in their early proceedings (*Anderson v. Greyhound Station Investigation Unit*, Docket No. 4:18-cv-00563 (W.D. Mo. Jul. 23, 2018); *Anderson v. Leach*, Docket No. 4:18-cv-00709 (W.D. Mo. Sept. 06, 2018); *Anderson v. Doe #1*, Docket No. 4:18-cv-00710 (W.D. Mo. Sept. 06, 2018)).

The Court finds Plaintiff's complaint to be frivolous.  It is an attempt to create any type of legal conflict between Plaintiff and a large business.  Allowing Plaintiff to amend his complaint would not cure its deficiencies.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

ACCORDINGLY, and for good cause shown,

IT is RECOMMENDED that this case be DISMISSED and Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be DENIED as moot.

IT IS SO RECOMMENDED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the

2

right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 6th day of May, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE